# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JUNIOUS,<br><br>    Defendant. | Case No. 1:14-cv-00458-JLT (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docs. 15, 16)**<br><br>**30-DAY DEADLINE** |

**I.    Background**

Plaintiff, Raymond Perez, is a state prisoner proceeding pro se and in forma pauperis in this in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 31, 2014. (Doc. 1.) The Complaint was screened and dismissed with leave to amend for failure to state a claim. (Doc. 8.) Plaintiff's First Amended Complaint is now before the Court for screening. (Doc. 15, 16.)[1]

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] It is extremely difficult, to decipher Plaintiff's intent when he filed Doc. 16 on November 20, 2014. It appears Plaintiff was seeking a status of the case. However, Plaintiff was advised, in the First Informational Order, that his case will be processed as expeditiously as possible, but due to the large case volume, delays inevitably occur. (Doc. 3 at 3-4.) He was advised also that as long as he keeps his address updated, the Court will provide notice of all actions which might affect the case as soon as an action is taken in the case, but that the Court will not respond in writing to individual inquiries regarding the status of a case. Id. To the extent that Plaintiff desired to learn the status of this case, it is resolved by this order.

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B.     Summary of the First Amended Complaint

Plaintiff complains of acts that occurred while he was an inmate at North Kern State Prison ("NKSP") in Delano, California.  Plaintiff names the following Defendants:  Warden Maurice Junious; Correctional Officers B. Gentry #72824, Mejia #321240, N. Marquez #51799, and C. Laigo #59887; Lieutenants Ramois #46098 and J. Lacrosse; Facility B Captain M. Stevens; and T. Norton, CDO.  Plaintiff seeks monetary relief and wants the defendants to be reprimanded.

Plaintiff delineates two claims:  (1) "Civil right violated pursuant to 42 U.S.C. §1983 denied due process, violated 42 U.S.C.A. § 1997C(a) access to court under color of state law denied adequate medical care" (Doc. 15, p. 3) and (2) "Eighth Amendment protection from physical brutality right to safe condition Rhodes v. Chapman 452 U.S. 337 346 (1981), Estelle v. Gamble 429 U.S. 97 (1976)" (*id.*, at p. 4).

As to his first claim (*id.*, pp. 3-4), Plaintiff alleges:[2]

> On the above date[3] I was clearly protecting myself while doing so I became a victim of physical brutality denied decent condition also denied Eighth Amendment protection censorship of mail beaten on head causing real significant illness and disability medical condition a severe limitation of function or ability to preform daily activities of life that may cause premature death.  Now I need eye glasses always having head aces always needing medication trying to control pain black out falling out trying to get Olsen review of medical record but deny of them.

As to his second claim (*id.*, at p. 4), Plaintiff alleges:

> Palmer v. Johnson 193 F.3d 346 (5th Cir. 1999) C/O B. Gentry did in fact pepper spray and struck me three times head thigh area and elbow I was

---

[2] These are all of Plaintiff's allegations as to both of his claims which are replicated.

[3] There is no date listed "above" in the First Amended Complaint.

2

>    knocked unconscious can't remember much more until C/O grab me
>    placing hand cuff(s) on me without any medical attention since incident
>    been having multiple medical problem due to daily chronic care
>    headaches which told I will have to deal with rest of my life.

As discussed below, these allegations fail to state any cognizable claims. Plaintiff may be able to amend to correct the deficiencies in his pleading so as to state a cognizable claim. Thus, he is given leave to file a second amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. While

3

"plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If Plaintiff chooses to file a second amended complaint, he should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

This is one of the main problems with the First Amended Complaint. Plaintiff fails to link

any of the named Defendants to his first claim and only links C/O B. Gentry to his second claim. Plaintiff must clarify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Rule 18(a) of the Federal Rules of Civil Procedure states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).

The fact that claims are premised on the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Because of the lack of linkage of Defendants to his claims and the lack of any dates of occurrences, it is impossible to discern whether the First Amended Complaint complies with Rule 18. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be stricken.

### 4. Exhibits

Plaintiff's First Amended Complaint is comprised of five pages of factual allegations followed by forty-seven pages of exhibits.

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at

trial, or when requested by the Court).  If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced.  Fed. R. Civ. Pro. 10(c).  For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing.  Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true.  It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint.  Thus, if Plaintiff chooses to file a second amended complaint, he would do well to simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits.

**D.     Legal Standards for Plaintiff's Claims**

Below are the standards for the legal principles that Plaintiff listed in his claims. However, factual analysis is attempted only as to claim for excessive force as Plaintiff fails to link any of the Defendants to any of his other allegations.

**1.  Due Process**

**a.  Procedural**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process, nor has he linked any of allegations for this claim to any of the Defendants.

**b.  Substantive**

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due

6

process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated, nor has he linked any of allegations for this claim to any of the Defendants.

**2. 42 U.S.C. A. §1997(e)(a)**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a).  Exhaustion as provided in § 1997(e)(a) is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

It is unclear what Plaintiff intended by including reference to section 1997(e)(a) in his first claim, but "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987,

992-93 (7th Cir.1996).

Further, while inmates have a fundamental constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346 (1996), which extends to established grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230, n. 2 (2001). The right is merely the right to bring to court a grievance the inmate wishes to present and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to respond to his appeals or based on the rejection of his appeals by staff as there is no constitutionally protected right to have inmate grievances/appeals accepted or processed, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals. Further, to the extent that Plaintiff included the reference to section 1997(e)(a) in an attempt to show exhaustion of his administrative remedies, he is advised that failure to exhaust is an affirmative defense, to be raised by a defendant. *Jones v. Bock*, 549 U.S. 199 (2007). Arguments pertaining to the exhaustion of administrative remedies are most properly vetted when raised by the defense. Plaintiff need not, and indeed should not, include allegations regarding the handling/processing of his inmate appeals other than as directed in the space provided on the complaint form.

### 3. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.*, at 351 (internal quotes and citations omitted). Claims for denial of access to the courts may arise from the frustration or

hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original). "Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979)).

Plaintiff has not alleged any facts that would support a claim for impairment of his access to the courts as he has not shown the loss of an underlying protected claim, nor has he linked any Defendants to any allegations to support this claim.

### 4. Medical Care

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a

serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). For screening purposes, Plaintiff's head injuries are accepted as serious medical needs. However, he fails to show deliberate indifference to his condition by any of the named Defendants.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

Plaintiff has not alleged any facts that would support a claim for deliberate indifference to his head injuries, nor has he linked any of allegations for this claim to any of the Defendants. Indeed, the 47 pages of medical records demonstrating ongoing treatment belies his claim that he is not receiving medical care.

///

### 5. Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id*. at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10 (internal quotations marks and citations omitted).

Further, when a prison security measure is undertaken in response to an incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.*, at 5-7. Factors relevant

to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. *Whitley v. Albers*, 475 U.S. 312 (1986). Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response. *Id.,* at 321. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." *Id., supra* at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-322 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970).

The claim that Plaintiff comes closest to cognizably stating is for excessive force in violation of the Eighth Amendment against C/O B. Gentry. However, Plaintiff does not set forth any factual allegations as to the circumstances surrounding the event when he was struck and sustained injuries upon so the Court is unable to discern whether the force was maliciously and sadistically applied or if it was justified for the safety and security of inmates and prison staff. Indeed, he fails, even to identify when this event occurred. The records attached seem to imply that this occurred on January 26, 2011.[4] (Doc. 15 at 21-22) Thus, it appears the action may be barred by the statute of limitations.

### 6. Supervisory Liability

It is unknown whether Plaintiff named Warden Junious, Lt. Ramois, Lt. Lacrosse, Capt. Stevens, and CDO Norton based on their own actions, or merely because they hold supervisory positions.

However, Plaintiff is reminded that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and,

---

[4] Notably, this action was not initiated until March 8, 2014. (Doc. 1 at 7)

12

therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, Plaintiff will not be allowed to proceed against Warden Junious, Lt. Ramois, Lt. Lacrosse, Capt. Stevens, and CDO Norton simply based on the acts of their subordinates.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of

time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. **Within 30 days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure

1      to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

   Dated:   **December 11, 2014**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE