UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PEREZ, | Case No. 1:14-cv-00458-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM** |
| v. | |
| JUNIOUS, | (Doc. 18) |
| Defendant. | **30-DAY DEADLINE** |

**I. Findings**

Plaintiff, Raymond Perez, is a state prisoner proceeding pro se and in forma pauperis in this in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 31, 2014. (Doc. 1.) The Complaint was screened and dismissed with leave to amend for failure to state a claim. (Doc. 8.) Plaintiff's First Amended Complaint ("1stAC") was also screened and dismissed with leave to amend for failure to state a claim. (Docs. 15, 17.) Plaintiff's Second Amended Complaint ("2ndAC") is now before the Court for screening. (Doc. 18.)

Despite having twice been given the pleading requirements and legal standards for the claims he appears to be attempting to state and being told that the 1stAC did not state any cognizable claims, Plaintiff duplicated both his delineated claims and factual allegations from the 1stAC in the 2ndAC. Thus, the 2ndAC does not state a cognizable claim and this action should be dismissed.

1

As stated in the prior screening orders, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In the 2ndAC, Plaintiff complains of acts that occurred while he was an inmate at North Kern State Prison ("NKSP") in Delano, California. The only substantive difference between the 1stAC and the 2ndAC is that Plaintiff now names Correctional Officer B. Gentry as the only Defendant in this action -- instead of the nine individuals he named in the 1stAC. Plaintiff still seeks monetary relief and wants the defendant to be reprimanded.

In the 2ndAC, Plaintiff again delineates his claims as: (1) "Civil right violated pursuant to 42 U.S.C. §1983 denied due process, violated 42 U.S.C.A. § 1997C(a) access to court under color of state law denied adequate medical care" (Doc. 15, 1stAC, p. 3; Doc. 18, 2ndAC, p. 3) and (2) "Eighth Amendment protection from physical brutality right to safe condition Rhodes v. Chapman 452 U.S. 337 346 (1981), Estelle v. Gamble 429 U.S. 97 (1976)" (Doc. 15, 1stAc, p. 4; Doc. 18, 2ndAC, p. 4).

Further, Plaintiff's allegations in the 2ndAC also replicate the allegations stated in the 1stAC. In his first claim, Plaintiff again alleges:[1]

> On January 26, 2011[2] I was clearly protecting myself while doing so I became a victim of physical brutality denied decent condition also denied Eighth Amendment protection censorship of mail beaten on head causing real significant illness and disability medical condition a severe limitation of function or ability to preform daily activities of life that may cause premature death. Now I need eye glasses always having head aces always needing medication trying to control pain black out falling out trying to get Olsen review of medical record but deny of them.

---

[1] These are all of Plaintiff's allegations as to both of his claims which are replicated verbatim sans any effort to make corrections. (*See* Doc. 15, 1stAC, pp. 3-4; Doc. 18, 2ndAC, pp. 3-4.)

[2] Plaintiff lists this date in the 2ndAC. In the 1stAC, Plaintiff began this claim by stating "On the above date . . . ." (*See* Doc. 15, 1stAC, p. 3; Doc. 18, 2ndAC, p. 3.) This is the *only* difference between the 1stAC and the 2ndAC.

In his second claim, Plaintiff again alleges:

> Palmer v. Johnson 193 F.3d 346 (5th Cir. 1999) C/O B. Gentry did in fact pepper spray and struck me three times head thigh area and elbow I was knocked unconscious can't remember much more until C/O grab me placing hand cuff(s) on me without any medical attention since incident been having multiple medical problem due to daily chronic care headaches which told I will have to deal with rest of my life.

As discussed in the prior screening order, these allegations fail to state any cognizable claims. While Plaintiff was given leave to amend to attempt to correct the deficiencies in his pleading so as to state a cognizable claim, the required pleading standards, and the applicable legal standards for his delineated claims, Plaintiff made absolutely no effort to rectify his pleading errors and merely copied his prior allegations and claims. Thus, it appears that Plaintiff is unable to state cognizable claims. Given his lack of effort to rectify his pleading, leave to amend would be futile and need not be granted again. *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## II. Recommendation

The 2ndAC is, for all intents and purposes a duplicate of the 1stAC and fails to state a cognizable claim. Given Plaintiff's persistence in attempting to state causes of action on allegations that he as previously been advised are deficient, it appears futile to allow further amendment.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **March 31, 2015**              **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE